IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP, AND MOBILESTAR TECHOLOGIES, LLC, § § § § *Plaintiff*, § § *v.* § § SAMSUNG ELECTRONICS CO., LTD., *et al.*, § § § *Defendants*. § § | CASE NO. 2:13-CV-00894-JRG  **LEAD CASE**  CASE NO. 2:13-CV-00900-JRG  **MEMBER CASE** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Google, Inc.'s ("Google") Motion to Dismiss (Dkt. No. 33), filed February 18, 2014. For the reasons set forth below, the Court finds that the motion should be **DENIED**.

**I.    FACTUAL BACKGROUND**

This is a suit for patent infringement under 35 U.S.C. § 271. Plaintiffs Rockstar Consortium US, LP's and Mobilestar Technologies, LLC's (collectively, "Rockstar") allege that Defendants infringe seven of its patents with mobile devices using Google's Android operating system. Among other claims, Plaintiffs allege violation of U.S. Patent No. 6,463,131 ("the '131 Patent"). Claim 5 of the '131 Patent recites:

> A method of notifying a user of an incoming communication event, comprising:
>
>> determining a characteristic of the communication event;
>>
>> selecting a notification based on the characteristic;

1

>    sending the user the selected notification;
>
>    receiving a selection from the user indicating a format for delivery of further notification information regarding the communication event; and
>
>    allowing the further notification information regarding the communication event to be sent to the user in the selected format.

'131 Patent at 10:4-14.

## II.  LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but the facts pled must, when accepted as true, state a claim for relief that is "plausible on its face," i.e., the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

## III.  SUBJECT MATTER ELIGIBILITY

First, Google argues that the Court should dismiss Rockstar's First Amended Complaint because Claim 5 of the '131 Patent claims patent-ineligible subject matter under 28 U.S.C. § 101. The Court denied another defendant's motion on identical grounds (Case No. 2:13-cv-894, Dkt. No. 106). The Court concluded in that opinion that Claim 5 of the '131 Patent is not directed at an unpatentable "abstract idea." The Court sees no reason to change its mind. The Supreme Court's recent treatment of § 101 in *Alice Corp. v. CLS Bank International*, 573 U.S.

\_\_\_\_ (2014) makes no suggestion that the extensively limited and concrete processes outlined in Claim 5 are unpatentable. On this ground, then, Google's motion must be denied.

## IV. INDIRECT INFRINGEMENT

Google also argues that Rockstar's complaint fails to state a claim for indirect infringement of the '131 Patent and of U.S. Patent No. 6,037,937 ("the '937 Patent"). In particular, Google argues that the complaint "identifies nothing more than generalized claim language, which is insufficient to identify the actual accused software" (Dkt. No. 33, at 4-5). This general language, Google argues, fails to put Google on notice as to what functionalities are accused.

To survive a motion to dismiss, Rockstar's complaint must contain facts plausibly showing that Google specifically intended its customers to infringe the patents-in-suit and knew that its customers acts constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Rockstar need not "prove its case at the pleading stage," however. *Id.*

Rockstar's complaint pleads induced infringement with specificity, and its allegations plausibly allege facts sufficient to support its claims. With respect to the '131 Patent, for instance, Rockstar singles out the "Message and Notification" functionality of certain mobile devices (many of which are identified by name) (Dkt. No. 19, at 54). The complaint alleges that these features are "designed to notify the user of an incoming communication and to select the format of the message received." This language reasonably puts Google on notice of both the accused devices and the accused functionality at issue.

Rockstar's allegations concerning the '937 Patent are similarly adequate. Again, Rockstar's complaint identifies a class of accused devices and the accused functionalities of said

3

devices—to wit, their "Gallery, Email, Maps, and Browser functionalities." *Id.* at 16. These functionalities allegedly infringe in that they "display[] a navigable graphical user interface . . . that permits a user to manipulate and control the contents of the display to maximize the use of display real estate." Nothing about this allegation is unduly vague or inherently implausible. Rockstar's claims of induced infringement should not be dismissed for failure to state a claim.

V.    **CONCLUSION**

For the reasons set forth above, Google's motion (Dkt. No. 33) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 21st day of July, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE